UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:22-CV-00022-JHM

KEVIN BENNETT                                                                      PLAINTIFF

v.

U.S. MARSHAL                                                                 DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Kevin Bennett's Motion for Preliminary Injunction [DN 2] and Defendant U.S. Marshal's Motion to Dismiss [DN 23]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion to Dismiss is **GRANTED**, and the Motion for Preliminary Injunction is **DENIED** as moot.

### I. BACKGROUND

Kevin Bennett ("Bennett"), a pretrial detainee, struggles with mental illness. *See* [DN 1-4 at 4]. While awaiting trial at the Grayson County Detention Center ("GCDC"), Bennett repeatedly requested mental health treatment. *See* [DN 1-3 at 1–12]. The GCDC staff informed Bennett that the facility's general practitioner could evaluate and treat his mental health issues. [*Id.* at 1, 6–7]; *see also* [DN 18-2 at ¶ 3]. But, according to the staff, Bennett refused medications and never visited the doctor—fearing potential medical expenses. *See* [DN 18-2 at ¶¶ 4–5]; *see also* [DN 26 at 1]. On March 9, 2022, correctional authorities transferred Bennett to the Henderson County Detention Center ("HCDC"), where he currently resides. [DN 18-1 at ¶ 4]. There, Bennett receives mental health treatment from the facility's licensed counselors. [*Id.* at ¶¶ 4–6]; [DN 26 at 2].

In this action, Bennett contends his "inadequate mental health care" at the GCDC constituted "cruel and unusual punishment," thereby violating the Eighth Amendment. [DN 1 at 1]; U.S. Const. VIII. Naming only the "U.S. Marshal's" as a defendant, Bennett's Complaint seeks monetary damages and injunctive relief. [DN 1 at 1]. He concurrently filed a Motion for Preliminary Injunction [DN 2] requesting "adequate health care and treatment" and "immediate[ ] transfer . . . to a county jail . . . that provide[s] mental health treatment." [DN 2 at 1]. The U.S. Marshal filed a Motion to Dismiss [DN 23] in response.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[ ]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id.* at 679. Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Bennett's Complaint alleges a single claim under 28 U.S.C. § 1983: the U.S. Marshal was deliberately indifferent to Bennett's mental illness by failing to provide adequate treatment, thus violating the Eighth Amendment's protection against "cruel and unusual punishment." [DN 1 at 1]. This framing presents two problems. First, while Bennett brings his deliberate indifference claim under the Eighth Amendment, the "Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) ("This Court has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'"). Second, since the U.S. Marshal is a federal entity, the Court construes Bennett's suit as a claim under *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983. *See Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) ("We review *Bivens* and § 1983 actions under the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983."). Ultimately, neither defect defeats Bennett's deliberate indifference claim.

Nevertheless, for this alleged injury, Bennett's Complaint and Motion for Preliminary Injunction seeks injunctive relief and monetary damages for this purported injury. [DN 1 at 1]; [DN 2 at 1]. The Court assesses each potential remedy in turn.

**(a) Injunctive Relief**

First, Bennett pursues injunctive relief—both in his Complaint and Motion for Preliminary Injunction. [DN 1 at 1]; [DN 2]. Specifically, he asks the Court to compel the U.S. Marshal to: (1) "provide adequate mental health care and treatment, including adequate psychotherapy [and] adequate mental health programming with recommended medication," and

(2) "immediate[ ] transfer for plaintiff to a county jail that holds inmates from Indiana that provide [sic] mental health treatment." [DN 2 at 1].

The government contends this request for injunctive relief is moot. "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). The Sixth Circuit has held that a "prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility." *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013); *see, e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Although Bennett remains in the U.S. Marshal's custody, he no longer resides at the GCDC, where the alleged injury occurred; on March 9, 2022, authorities transferred Bennett to the HCDC. [DN 18-1 at ¶ 4]; [DN 18-2 at ¶ 6]. Furthermore, Bennett acknowledges the HCDC provides "adequate mental health care to pretrial inmates" and claims he "has engaged with the mental health staff" there. [DN 26 at 2].

Upon review, Bennett's request for injunctive relief is moot. He asks the Court to require the U.S. Marhsal to: (1) "provide adequate mental health care and treatment," and (2) "immediate[ ] transfer . . . to a county jail . . . that provide[s] mental health treatment." [DN 2 at 1]. Based on Bennett's own account, both requests have already been satisfied—authorities transferred him from the GCDC to the HCDC, and the HCDC provides mental health treatment. At this point, it is unclear what injunctive relief against the U.S. Marshal would serve. *See Shaw v. Terris*, No. 2:13-cv-10447, 2013 WL 3724836, at *2 (E.D. Mich. Jul. 15, 2013) (dismissing a

4

claim as moot when the prisoner had already "received the relief he requested"). Bennett's Motion for Preliminary Injunction [DN 2] is **DENIED** as moot.

### (b) Monetary Damages

In addition to injunctive relief, Bennett seeks monetary damages from the U.S. Marshal. As addressed above, the Court construes his constitutional claim as a *Bivens* action. 403 U.S. 388 (1971). "The United States Supreme Court has declined to extend *Bivens* liability to permit suit against a federal agency." *Watkins v. F.B.I.*, No. 3:13-CV-204-S, 2013 WL 3324065, at *2 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Courts within the Sixth Circuit have applied this rule and dismissed suits specifically against the United States Marshal's Service. *See, e.g., Culliver v. Corrections Corp. of Am.*, No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000) (unpublished); *Mathis v. U.S. Marshal Serv.*, No. 2:11-cv-271, 2011 WL 1336575, at *2 (S.D. Ohio Apr. 5, 2011); *Briggs v. U.S. Marshal Serv.*, No. 04-2648, 2007 WL 1174261, at *2 (W.D. Tenn. Apr. 19, 2007). "The proper defendants in an action under § 1983 or *Bivens* are the law enforcement officers who were personally involved in the incident alleged to have resulted in a violation of the plaintiff's civil rights." *Robertson*, 753 F.3d at 618. Lacking a proper defendant, Bennett's *Bivens* suit fails.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant U.S. Marshal's Motion to Dismiss [DN 23] is **GRANTED**. Additionally, the Plaintiff Kevin Bennett's Motion for Preliminary Injunction [DN 2] is **DENIED** as moot. The Court will enter a judgment consistent with this opinion.

Joseph H. McKinley Jr., Senior Judge
United States District Court

July 13, 2022

cc: Kevin Bennett, *pro se*
      Counsel of Record